## Joseph Melnick Building & Loan Association, to use, v. Melnick et al.

*S. H. Hirsch,* for plaintiff.
*Townsend, Elliott & Munson,* for garnishee.

PARRY, J., June 14, 1935. — This case is before the court on rules to show cause why printing bills filed should not be stricken from the record, and why a garnishee's attorney's fee should not be allowed as costs.

The use-plaintiff objects to the inclusion of the garnishee's printing bill on appeal in the costs taxed against him on the ground that the final decision of the Supreme Court was not in the garnishee's favor. The garnishee in answers to interrogatories filed admitted that $7.87 in its hands was due the defendant. The use-plaintiff alleged the amount was $8,007.87 and prevailed in the trial of that issue in the court below. The garnishee appealed assigning as error, inter alia, the lower court's refusal to rule that the sum of $8,000 was not reached by the writ of attachment. This assignment was sustained and the record remitted for correction of the judgment to cover only the "small balance'" due the defendant. The use-plaintiff therefore contends that the final decision is a judgment of $7.87 in his favor, hence he is the successful party. But this is to ignore the fact that the $7.87 was not the real subject of litigation. It was admitted to be due from the very beginning and the real controversy below and on the appeal concerned the $8,000. As to it the garnishee was successful and is entitled to the cost of printing its brief and record.

We also think the garnishee is entitled to a counsel fee to be taxed as part of the costs under the Act of April 29, 1891, P. L. 35, sec. 1, entitled a supplement to the Act of April 22, 1863, P. L. 527. Under the Act of 1863 the

garnishee was limited to a fee out of the funds in its hands, but read with the supplementary Act of 1891 the garnishee, when an appearance has been entered for it and it has been found to have in its possession only the property already admitted by the plea or answers, is entitled to a "counsel fee of at least ten dollars, to be taxed as part of the costs, and to be determined in case of dispute by the court."

The Act of June 11, 1885, P. L. 107, sec. 1, also a supplement to the Act of 1863, is apparently limited to cases where no appearance is entered for the garnishee: O'Brien, etc., v. Radford et al., 21 D. & C. 177, and in any case is inapplicable here for it relates to a situation where the garnishee has no property belonging to the defendant.

The question involved in the appeal is not without importance, a considerable amount of labor is involved and under all the circumstances a fee of $500 appears reasonable.

The garnishee's rule to show cause why the printing bill of the use-plaintiff should not be stricken from the record is made absolute.

The use-plaintiff's rule to show cause why the garnishee's printing bill should not be stricken off is discharged.

The garnishee's rule for counsel fee to be paid by the use-plaintiff is made absolute in the amount of $500.

The prothonotary is directed to tax the costs accordingly.